# UNITED STATES DISTRICT COURT
## DISTRICT OF COLORADO

| | |
|---|---|
| UNITED STATES OF AMERICA | **JUDGMENT IN A CRIMINAL CASE**<br>(For **Revocation of Supervised Release**) |
| v. | Case Number:  10-cr-00420-REB-01 |
| | USM Number:  31214-280 |
| THOMAS BENJAMIN ARMIJO | Warren R. Williamson, AFPD<br>(Defendant's Attorney) |

**THE DEFENDANT:**  Was found guilty of violations 2, 5, 7-10, 12, 13, and 14 after denial of guilt.

The defendant is adjudicated guilty of these violations:

| Violation Number | Nature of Violation | Violation Ended |
|---|---|---|
| 2 | Making False Statements to the Probation Officer | 05/28/10 |

The defendant is sentenced as provided in pages 2 through 7 of this judgment.  The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

Violations 1, 3, 4, 6 and 11 are discharged as to such violations.

It is ordered that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.  If ordered to pay restitution, the defendant must notify the court and United States Attorney of material changes in economic circumstances.

It is further ordered that the Addendum to this judgment, which contains the defendant's social security number, residence address and mailing address, shall be withheld from the court file and retained by the United States Probation Department.

January 20, 2011
Date of Imposition of Judgment

s/ Robert E. Blackburn
Signature of Judge

Robert E. Blackburn, U.S. District Judge
Name & Title of Judge

February 4, 2011
Date

DEFENDANT:  THOMAS BENJAMIN ARMIJO
CASE NUMBER:  10-cr-00420-REB-01                                                                         Judgment-Page 2 of 7

## ADDITIONAL VIOLATIONS

| Violation Number | Nature of Violation | Violation Ended |
|---|---|---|
| 5 | Failure to Permit Contact by Probation Officer | 06/30/10 |
| 7 | Failure to Participate in Drug/Alcohol Testing and/or Treatment as Directed by Probation Officer | 10/05/10 |
| 8 | Failure to Participate in Drug/Alcohol Treatment as Directed by Probation Officer | 07/16/10 |
| 9 | Failure to Follow Instructions of the Probation Officer | 10/15/10 |
| 10 | Excessive Use of Alcohol | 10/23/10 |
| 12 | Failure to Participate in Drug/Alcohol Testing and/or Treatment as Directed by Probation Officer | 11/29/10 |
| 13 | Excessive Use of Alcohol | 12/12/10 |
| 14 | Failure to Report Arrest by Law Enforcement Officer | 12/12/10 |

DEFENDANT:  THOMAS BENJAMIN ARMIJO
CASE NUMBER:  10-cr-00420-REB-01                                                                 Judgment-Page 3 of 7

## IMPRISONMENT

      The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of ninety (90) days.

      The defendant is remanded to the custody of the United States Marshal.

## RETURN

I have executed this judgment as follows:

      Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By_____
Deputy United States Marshal

DEFENDANT: THOMAS BENJAMIN ARMIJO
CASE NUMBER: 10-cr-00420-REB-01                                                                 Judgment-Page 4 of 7

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of two (2) years.

The defendant must report to the probation office in the district to which he is released within 72 hours of his release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and two periodic drug tests thereafter.

The defendant shall not possess a firearm as defined in 18 U.S.C. § 921.

The defendant shall cooperate in the collection of DNA as directed by the probation officer.

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1)   The defendant shall not leave the judicial district without the permission of the court or probation officer.
2)   The defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month.
3)   The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer.
4)   The defendant shall support his dependents and meet other family responsibilities.
5)   The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training or other acceptable reasons.
6)   The defendant shall notify the probation officer at least ten days prior to any change in residence or employment.
7)   The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance, or any paraphernalia related to any controlled substance, except as prescribed by a physician.
8)   The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered.
9)   The defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer.

DEFENDANT:  THOMAS BENJAMIN ARMIJO
CASE NUMBER:  10-cr-00420-REB-01                                                                                  Judgment-Page 5 of 7

10) The defendant shall permit a probation officer to visit him at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer.

11) The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer.

12) The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court.

13) As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

14) The defendant shall provide the probation officer with access to any requested financial information.

## ADDITIONAL CONDITIONS OF SUPERVISION

1) The defendant shall reside in a community corrections center for a period of six (6) months, to commence on upon release from custody, and shall comply with all rules, regulations, policies, directives, orders and contractual provisions, if any, without fail, without condition or qualification.

2) As directed by the probation officer, the defendant shall continue to receive treatment, therapy, counseling, testing and education for his abuse or addiction to alcohol.  Provided furthermore that he shall abstain from the use of alcohol and all other intoxicants during the course of any such treatment and therapy.  And to ensure continuity of treatment, the probation department is authorized to release all relevant records concerning Mr. Armijo: medical records, treatment records, presentence reports, the supervised release violation report to any person or entity responsible for or involved in his treatment, therapy, counseling, testing or education.

3) The defendant shall not enter or remain in or upon premises that has a principal business or commercial activity the sale or service of alcohol beverages, including but not limited to such establishments as liquor stores, bars, saloon, pubs, social clubs, etc.

4) The defendant shall not consume alcoholic beverages and operate a motor vehicle on the streets and highways of any town, municipality, county or state.

DEFENDANT:  THOMAS BENJAMIN ARMIJO
CASE NUMBER:  10-cr-00420-REB-01                                                             Judgment-Page 6 of 7

## MONETARY OBLIGATIONS

The defendant must pay total monetary obligations under the schedule of payments set forth below.

| Count | Assessment | Fine | Restitution |
|---|---|---|---|
| One through Four | $400.00 | $250.00 | $0.00 |
| **TOTALS** | $400.00 | $250.00 | $0.00 |

Interest on the fine will be waived, upon the court's finding that the defendant does not have the ability to pay interest.

DEFENDANT:  THOMAS BENJAMIN ARMIJO
CASE NUMBER:  10-cr-00420-REB-01                                                                    Judgment-Page 7 of 7

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total monetary obligations is due as follows:

The outstanding balance of the special assessment and fine obligations shall be due and payable in full immediately.

All monetary obligation payments, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court, unless otherwise directed by the court, the probation officer, or the United States Attorney.

The defendant shall receive credit for all payments previously made toward any monetary obligations imposed.

Payments shall be applied in the following order:  (1) special assessment, (2) fine principal.